**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-CV-00644-MOC-DSC**

| | |
|---|---|
| ANTWON B. LOGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KELLOGG'S SNACK CHARLOTTE )<br>BAKERY AND ACCURATE STAFFING )<br>CONSULTANTS, INC., )<br>)<br>)<br>Defendants. ) | **MEMORANDUM AND<br>RECOMMENDATION AND ORDER** |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss," Doc. 15, filed January 15, 2015, and the parties' associated briefs and exhibits, Docs. 16, 18 and 19.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>granted</u>, as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Accepting the allegations of the *pro se* Complaint, Doc. 1, as true, Plaintiff Antwon B. Logan was hired by Defendant Accurate Staffing Consultants in October 2013. In November 2013, he was assigned to work as a palletizer at Defendant Kellogg's facility. Plaintiff alleges that he was also assigned to cleaning and janitorial duties.

1

On August 26, 2014, Plaintiff was discharged by Accurate Staffing Assistant Manager Courtney Glenn based upon allegations of theft by Kellogg's Plant Manager Don Henderson. Plaintiff was accused of removing food from a refrigerator in the administrative break room and eating it. Plaintiff claims that he threw the food away and did not eat it.

On August 27, 2014, Plaintiff filed a Charge of Discrimination with the EEOC. Doc. 1-1. In his EEOC Charge, he stated that "I believe I have been discriminated against because of my sex (Male), in violation of Title VII of the Civil Rights Act of 1964, as amended." Id. On August 28, 2014, the EEOC issued Plaintiff a Letter of Dismissal and Notice of Rights informing him of his right to sue. Id. On November 19, 2014, Plaintiff commenced this action against Defendants.

In his *pro se* Complaint, Plaintiff asserts that he was discriminated against on the basis of his sex, male, and "other acts." Doc. 1. He claims that the discriminatory act which is the predicate for this lawsuit is "[t]ermination of my employment" on August 26, 2014 due to "theft from [the] administrative breakroom." Id. Logan alleges that his termination was discriminatory because he was not reprimanded or given an oral or written statement of the allegations against him before being terminated. He also alleges that he was never asked whether he had been told to clean the administrative breakroom. He acknowledges that Defendant Accurate Staffing's written policies define misconduct to include theft.

On January 15, 2015, Defendants filed the present Motion to Dismiss. Doc. 15. Defendants argue that Plaintiff's Complaint fails to state a plausible claim of sex discrimination under the Twombly/Iqbal standard and is devoid of any facts supporting the inference that he was terminated due to his sex. The Motion to Dismiss has been fully briefed and is now ripe for review.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). As a result, even a *pro se* plaintiff's claim for relief "requires more than labels and conclusions...." Twombly, 550 U.S. at 555. Like plaintiffs who are represented by counsel, a *pro se* plaintiff must still "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). In light of this authority, conclusory statements with insufficient factual allegations, even when asserted by *pro se* plaintiffs, will not survive a motion to dismiss under Rule 12(b)(6).

In order to allege a plausible claim for sex discrimination, Plaintiff must allege sufficient facts to establish the following elements under Title VII: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of similarly-situated employees outside the protected class. Coleman v. Md. Court of Appeals, 626 F.3d 187 (4th Cir. 2010), aff'd. 132 S.Ct. 1327 (2012), White v. BFI Services, LLC, 374 F.3d 288, 295 (4th Cir. 2004).

Plaintiff's Complaint alleges that he was terminated based upon his sex but contains no facts establishing the plausibility of that allegation. Plaintiff's only reference to purported sex discrimination is his selection of the choice "my sex" in Section C.6 of the Complaint form. Doc. 1 at 3. Plaintiff does not allege any facts that would plausibly support the contention that his sex was a factor in his discharge. He does not identify any similarly-situated female employees who were treated more favorably nor does he offer even a conclusory allegation that female comparators were treated more favorably.

Applying the Supreme Court's Iqbal standard for determining whether a complaint alleges sufficient facts to survive a motion to dismiss, it is clear that none of Plaintiff's conclusory assertions offer any factual support for a claim of sex discrimination. Therefore, the claim must be dismissed. "[N]aked assertions devoid of further factual enhancement" are not sufficient to survive a motion to dismiss." Iqbal, 556 U.S. at 678. Plaintiff's Complaint is comprised of precisely the sort of "unadorned, the defendant unlawfully harmed me accusations" that the Supreme Court recognized as insufficient to survive a motion to dismiss in Iqbal. Id. (quoting Twombly, 550 U.S. at 555).

Therefore, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted.

## III. ORDER

IT IS ORDERED that all further proceedings in this action, including all discovery, are STAYED pending the District Judge's ruling on this Memorandum and Recommendation and Order.

## IV. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Defendants' Motion to Dismiss, Doc. 15, be GRANTED and Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the *pro se* Plaintiff, counsel for Defendants; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: February 24, 2015

David S. Cayer
United States Magistrate Judge