UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00644-MOC-DSC

| | | |
|---|---|---|
| **ANTWON B. LOGAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **KELLOGG'S SNACK CHARLOTTE BAKERY** | ) | |
| **ACCURATE STAFFING CONSULTANTS, INC,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). A pleading (#21) which the court deems to be Objections has been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face

1

require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

While the court has considered plaintiff's pleading to be Objections, those objections are in no manner "specific objections" to the recommendation as required by Rule 72(b)(3), Federal Rules of Civil Procedure. In sum, plaintiff's Objection is that he made a "plausible claim for relief …." Objection (#21) at 1. The court has, therefore, carefully considered whether in fact plaintiff has asserted a claim for relief that is supported by plausible factual allegations.

Plaintiff contends that in violation of protections afforded under Title VII, he was terminated from his employment based on his sex. On August 26, 2014, plaintiff was discharged by Accurate Staffing Assistant Manager Courtney Glenn based upon allegations of theft by Kellogg's Plant Manager Don Henderson. Plaintiff was accused of removing food from a refrigerator in the administrative break room and eating it. Plaintiff claims that he threw the food away and did not eat it. The next day, he filed a charge with the EEOC contending that he was discharged "because of my sex (Male)…." (#1-1).

To allege a cognizable claim for sex discrimination, plaintiff must allege sufficient plausible facts that would support the following elements of a Title VII sex discrimination claim: (1) membership in a protected class; (2) satisfactory job performance; (3) an adverse employment action; and (4) more favorable treatment of similarly-situated employees outside the protected class. Coleman v. Md. Court of

Appeals, 626 F.3d 187 (4th Cir. 2010), aff'd. 132 S.Ct. 1327 (2012); White v. BFI Services, LLC, 374 F.3d 288, 295 (4th Cir. 2004). The fact that plaintiff selected "male" on the EEOC complaint form *after* he was fired is of no relevance to the motivations of the decision makers who fired him the day before. Indeed, the Complaint in this action is completely devoid of any plausible allegation that could support a finding that plaintiff was terminated because he is male. Plaintiff does not even assert much less allege that any similarly situated female employees who committed or allegedly committed similar misconduct at work were treated more favorably than plaintiff. In the end, this is precisely the kind of action which the Supreme Court sought to cull from the federal docket in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

As plaintiff is proceeding pro se, he is advised that this means his action in this court is dismissed. It does not necessarily mean that the court agrees with the reasons given for his termination or that it finds that he did anything wrong at work. What this decision means is that he has not alleged sufficient plausible facts from which a jury could legally conclude that he was terminated because he was a male. Whether or not defendant had good reason to terminate plaintiff's employment and whether or not plaintiff did anything wrong at work is not for this court to decide as plaintiff has not been able to allege a claim which can go forward.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings.

Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's Objections (#21) are **OVERRULED**, the Memorandum and Recommendation (#20) is **AFFIRMED,** the Motion to Dismiss (#15) is **GRANTED,** and this action is **DISMISSED** with prejudice.

The Clerk of Court shall enter a Judgment consistent with this Order.

Signed: March 20, 2015

Max O. Cogburn Jr.
United States District Judge